In re BRAHM.

No. 36948.

District Court, E. D. New York.

Jan. 6, 1941.

Joseph Newman, of New York City, for bankrupt.

Levy, Finke & Jacobs, of New York City, for trustee.

CAMPBELL, District Judge.

This is a hearing on a petition filed by the bankrupt to review the order of the referee denying the bankrupt's discharge dated July 24th, 1940.

The trustee filed with the referee objections to the discharge of the bankrupt containing three specifications, but as the referee sustained only the one, that is, the first specification, and dismissed the second and third as not sustained, we will direct our attention only to the first specification, which reads as follows:

"First: For the reason that the bankrupt destroyed, concealed, or failed to keep or preserve, or mutilated or falsified, books of account or records from which his financial condition and business transactions might be ascertained as follows:

"That the bankrupt turned over to Peter F. Pinto, Esq., Receiver in Bankruptcy herein, certain books and records, amongst which was a ledger purporting to be a record of customers' charge accounts, and the said record is not complete and does not show certain accounts which should have appeared therein, and further, that the books and records of the bankrupt, purporting to show the actual sales made by the bankrupt, do not in any way indicate the amount of moneys received on each account; nor do they indicate the disposition of the moneys received."

Before entering on the consideration of the main issue I will dispose of the assignment of error paragraph 3, subdivision a, which reads as follows: "a. The decision of the Referee was not made within the time permitted for the making of a decision and order, and the time of the Referee to decide was not extended by stipulation or otherwise."

186

Rule 17 of the Bankruptcy Rules of this court, subdivision a, provides as follows: "(a) Referees shall make and file their decisions in all cases within two months after the final submission unless such time be extended by order of a Judge of this Court, and shall forthwith give written notice of such filing to the parties or their attorneys."

It is to be observed that the rule says nothing about the making of the order within the time stated but only relates to the filing of the referee's decision.

The hearing on the trustee's objections was had before the referee on January 26th, 1940, when the matter was marked submitted subject to submission of memoranda on behalf of both the trustee and the bankrupt. Additional time was requested on behalf of the bankrupt to file his memorandum, and it was extended by the referee until May 13th, 1940.

On May 11th the bankrupt's memorandum was filed with the referee, and the trustee's memorandum having already been filed, the matter was finally submitted to the referee on May 11th, 1940.

The referee filed his decision on July 11th, 1940.

Under the well-known rule of statutory construction, which is found in Section 31 of the Bankruptcy Act, 11 U.S.C.A. § 54, when an act is to be performed within a given time after the happening of a certain event (which in this case was the final submission to the referee), May 11th, the day of final submission must be excluded in the computation and July 11th included which make the time of the rendering of the referee's decision within exactly two months after final submission.

That assignment of error was not sustained.

This brings us to a consideration of the first specification of objection.

The books kept by the bankrupt as testified by him were five in number, to wit: accounts payable ledger, customer's charge book, checkbook, bank deposit book and cash sales record. All of these books are in the possession of the trustee except the accounts payable ledger. The bankrupt testified that he turned over all of those books to the attorney for the assignee but that book never came into the possession of the trustee. In any event, because of the improper manner in which the books were kept, they do not show the true financial condition of the bankrupt's business nor do they adequately or sufficiently record the transactions of the business prior to the filing of the petition in bankruptcy.

Whatever may be said of the books prior to April 7th, 1939, which was ten days before the filing of the assignment for the benefit of creditors on April 17th, 1939, it can be said that during that time there appears to have been no attempt to so keep the books for the purposes required by law.

The bankrupt did not keep a proper record of the moneys paid out by him during the ten days immediately prior to making the assignment for the benefit of creditors, nor did he make an adequate explanation of the distribution of the money received by him during that time.

The record of the customer's charge account was, as I view it, inadequate and insufficient, in that it did not indicate or include in the record all charge accounts.

The inadequacy and insufficiency of the records to correctly show what accounts were assigned to Wasserman certainly proves that the records and books of account kept by the bankrupt were not in compliance with the statute. Matter of Underhill, 2 Cir., 82 F.2d 258, 31 A.B.R., N.S., 57, 60.

That the court is satisfied that the bankrupt has "failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained", and that such failures are not deemed by this court to be justified, is a sufficient ground for refusing a discharge. National Bankruptcy Act, Section 14, sub. c(2), 11 U.S.C.A. § 32, sub. c(2).

Both the referee and this court are satisfied that the bankrupt failed to keep such books and records.

The petition to review is overruled and dismissed, the order of the referee dated July 24th, 1940, which it is sought to review is confirmed, and the bankrupt is denied a discharge.